CLEVELAND METROPARKS SYSTEM, Appellant,

v.

OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellees.

[Cite as *Cleveland Metroparks Sys. v. Ohio Bur. of Emp. Serv.* (1994), 94 Ohio App.3d 750.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE12–1748.

Decided May 12, 1994.

*Baker & Hostetler, Elliot S. Azoff* and *Robert C. Petrulis,* for appellant.

*Lee Fisher,* Attorney General, and *Stefan J. Schmidt,* Assistant Attorney General, for appellees.

TYACK, Judge.

On October 17, 1990, Cleveland Metroparks System ("Metroparks") filed an application with the Ohio Bureau of Employment Services ("OBES") for continuation and expansion of its seasonal classification for certain employment operations.

Metroparks is a metropolitan park district and a political subdivision of the state of Ohio. As well as operating a multicounty park system, Metroparks owns and operates the Cleveland Metroparks Zoo.

In its application, Metroparks sought a grant by OBES for the continuing classification of three of its operations, the "Swimming Season," "Golf Course Season" and "Zoo, Recreation, and Nature Education Season," as seasonal employment.

In early 1991, Metroparks again applied for seasonal classifications and, on May 10, 1991, the Administrator of OBES denied the application. On June 4, 1991, Metroparks filed an application for reconsideration of the administrator's determination. This was denied on October 11, 1991. Metroparks appealed the administrator's determination to the Unemployment Compensation Board of Review ("board"). A referee was appointed, and a hearing was held on October 20, 1992. The referee prepared a report and the board then affirmed the administrator's determination denying a seasonal classification, determining that under the new R.C. 4141.33(A), Metroparks' operations were not substantially all in a seasonal industry. Metroparks appealed to the Franklin County Court of Common Pleas, which found that the board's decision was supported by reliable, probative and substantial evidence. Metroparks has now appealed to this court, assigning one error for our consideration:

"The Court of Common Pleas erred in affirming the decision of the Unemployment Compensation Board of Review denying seasonal employment classifications for Cleveland Metroparks System's seasonal operations and in finding that the decision of the Board was supported by reliable, probative, and substantial evidence and was in accordance with law. (Decision of the Court of Common Pleas dated November 19, 1993 and Entry dated December 2, 1993, copies of which are included herein as Exhibits A and B, respectively.)"

Appellant's primary argument on this appeal centers around an issue of law—namely, the correct interpretation of R.C. 4141.33(A), which addresses seasonal classification. Prior to the board's decision here, appellant had had three of its operations classified as seasonal. The significance of classification is that if an operation has a seasonal classification from OBES (hereinafter "appellee"), then the seasonal employees are not entitled to unemployment compensation when their jobs terminate at the end of the season. By contrast, if an operation has not been given a seasonal classification, then seasonal employees are eligible for unemployment compensation at the end of the season. In 1989, R.C. 4141.33(A) was amended, and this amendment led the board to conclude that appellant's seasonal operations did not meet the requirement(s) under R.C. 4141.33(A).

Prior to the 1989 amendment, R.C. 4141.33(A) provided, in pertinent part:

" 'Seasonal employment' means employment of individuals hired primarily to perform services in an industry which because of climatic conditions or because of the seasonal nature of such industry it is customary to operate only during regularly recurring periods of forty weeks or less in any consecutive fifty-two weeks. *'Seasonal employer' means an employer determined by the administrator of the bureau of employment services to have seasonal employment in a seasonal industry.* Any employer who claims to have seasonal employment in a seasonal industry may file with the administrator a written application for classification of such employment as seasonal." (Emphasis added.)

The language emphasized above is the language which was amended. The remaining language above was not changed. The new version of R.C. 4141.33(A) provides:

" * * * 'Seasonal employer' means an employer determined by the administrator of the bureau of employment services to be an employer whose operations and business, with the exception of certain administrative and maintenance operations, are substantially all in a seasonal industry. * * * "

Appellee found that appellant's operations and business were not substantially all in a seasonal industry because out of a total of one thousand twelve employees in 1990, only five hundred nine were seasonal employees. Appellant contends that appellee misinterpreted the language in R.C. 4141.33(A) and that the change in the definition of "seasonal employer" did not affect its eligibility for seasonal classifications. Appellant bases this argument on one sentence in the statute which was not amended. This sentence, in R.C. 4141.33(A), provides:

" * * * Any employer who claims to have seasonal employment in a seasonal industry may file with the administrator a written application for classification of such employment as seasonal. * * * "

Appellant argues that this language indicates that a seasonal classification is not dependent upon whether or not one is a "seasonal employer," but upon whether an employer has "seasonal employment" in a "seasonal industry." We disagree. While the sentence does indicate that an employer who claims to have seasonal employment in a seasonal industry *may file* with the administrator, it does not provide the basis for the administrator to ultimately *grant* a seasonal classification. Such bases are found elsewhere in the statute.

R.C. 4141.33(A) goes on to state:

" * * * *The administrator shall determine, after investigation, hearing, and due notice, whether the industry is seasonal and, if seasonal, establish seasonal periods for such seasonal employer. Until such determination by the administrator, no industry or employment shall be deemed seasonal.* When the administrator has determined such seasonal periods, he shall also fix the proportionate

number of weeks of employment and earnings required to qualify for seasonal benefit rights in place of the weeks of employment and earnings requirement stipulated in division (R) of section 4141.01 and section 4141.30 of the Revised Code, and the proportionate number of weeks for which seasonal benefits may be paid. The administrator may adopt rules for implementation of this section." (Emphasis added.)

The above language, in particular the emphasized language, leads us to conclude that the test for whether a seasonal classification will be granted is dependent upon the finding of a "seasonal industry." While R.C. 4141.33(A) does not give a direct definition of seasonal industry as it does for "seasonal employment" and "seasonal employer," the meaning of "seasonal industry" is found within the provision.

R.C. 4141.33(A) states, in pertinent part:

"Whenever in any industry it is customary to operate because of climatic conditions or because of the seasonal nature of *such industry* only during regularly recurring periods of forty weeks or less duration, benefits shall be payable only during the longest seasonal periods which the best practice of *such industry* will reasonably permit." (Emphasis added.)

This emphasized language which defines the term "industry" contains the same language as that contained in the definition of "seasonal employment." However, the full definition of "seasonal industry" does not stop there. Under R.C. 4141.33(A), a "seasonal employer" is one determined by the administrator to have its operations and business substantially all in a "seasonal industry." Thus is found the connection between "seasonal employer" and "seasonal industry" in addition to the provision stated above which calls for the administrator to determine whether an industry is seasonal and, if so, to establish seasonal periods "for such seasonal employer."

 In light of all of the provisions contained in R.C. 4141.33(A), read in conjunction with one another, we hold that industries determined by the administrator to be seasonal are entitled to seasonal classifications. In addition, a seasonal industry is one that, because of climatic conditions or because of the seasonal nature of such industry, it is customary to operate only during regularly recurring periods of forty weeks or less, as stated within the definition of "seasonal employment," and such constitutes substantially all of the employer's business and operations, as stated within the definition of "seasonal employer."

While we believe the provision in R.C. 4141.33(A) supports our holding above, further support can be found in Ohio Adm.Code 4141–32–01. R.C. 4141.33(A) authorizes the administrator to adopt rules for implementing the section, and Ohio Adm.Code 4141–32–01 states, in pertinent part:

"(A) No industry or employment shall be deemed seasonal unless it is determined to be seasonal by the administrator.

"(B) Any employer seeking to be determined a 'seasonal employer' by the administrator shall file with the administrator a written application to be determined to be a seasonal employer and for classification of its employment as seasonal. The application shall contain the following information:

" * * *

"(D) Definitions:

"(1) 'Seasonal employer' means an employer whose operations and business are substantially all in an industry in which it is customary to operate because of climatic conditions or because of the seasonal nature of such industry only during regularly recurring periods of forty weeks or less duration in any consecutive fifty-two week period.

"(2) 'Seasonal industry' means an industry in which it is customary to operate because of climatic conditions or because of the seasonal nature of such industry only during regularly recurring periods of forty weeks or less duration in any consecutive fifty-two week period.

"(E) The administrator shall determine whether the employer is a 'seasonal employer' and if so establish the seasonal period. No seasonal period shall be established which exceeds forty weeks in duration in any consecutive fifty-two week period."

These provisions are consistent with our interpretation of R.C. 4141.33(A). Under R.C. 4141.33(A) and Ohio Adm.Code 4141–32–01, necessarily, if the administrator determines the employer is a seasonal employer operating a seasonal industry, then the employment is seasonal. Such a seasonal industry then will be entitled to seasonal classifications and such seasonal employees will not be entitled to unemployment compensation at the end of a seasonal period.

■ In interpreting R.C. 4141.33(A) and its rules promulgated pursuant to such statute, appellee did not err as a matter of law. It properly found that appellant's operations and business were not substantially all in a seasonal industry. In holding so, we reject appellant's arguments regarding an alleged inconsistent interpretation of the legislative history of the statute and appellant's argument that such a decision violates public policy. Accordingly, appellant's assignment of error is overruled.

Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.